UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-139-JBC

LARRY RUTHER                                                                PLAINTIFF

VS:                       **MEMORANDUM OPINION AND ORDER**

AUTO NATION, INC., ET AL.
                                                                           DEFENDANTS

The court dismisses this action for the reasons set forth below.

FACTUAL BACKGROUND

On April 17, 2009, Larry Ruther, a non-prisoner plaintiff, filed a *pro se* civil Complaint against Defendant Auto Nation, Inc. Ruther demanded a jury trial and attached an automobile advertisement dated March of 2004. Otherwise, his "claims" against Defendant Auto Nation, Inc., were unintelligible. Ruther did not identify the basis of the court's subject matter jurisdiction, but the Clerk of the Court listed the case as being a "federal question" falling under the ambit of 28 U.S.C. § 1331.

On May 11, 2009, Ruther filed a second Complaint in which he identified the United States as the sole defendant in this action. Ruther's second Complaint was also garbled and unintelligible. Ruther wrote a series of incoherent sentences which failed either to explain his claims against the United States or to establish a connection between Auto Nation Inc., and the United States of America.

On May 13, 2009, Ruther filed a third pleading in which he continued to identify the United States as the sole defendant.[1] Ruther did not designate his May 13, 2009, filing as either an "Amended Complaint" or as any other type of pleading, but it too was unintelligible. The Clerk of the Court docketed the filing as a "Notice," [Record No. 9] although it appears to be a third Amended Complaint.

DISCUSSION

A *pro se* complaint is held to less stringent standards than those composed by an attorney and should be construed as alleging all fairly and reasonably inferred claims, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Federal Rule of Civil Procedure 8(a) still requires a *pro se* plaintiff's complaint to include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends…, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. A complaint that fails to meet these basic requirements should be dismissed without prejudice. *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. 2000); *Vicom, Inc. v. Harbridge Merchant Services,* 20 F.3d 771, 775 (7th Cir. 1994).

Ruther's three "Complaints" do not satisfy even the minimal pleading

---

[1] In addition to filing this action, Ruther filed two other civil actions in this court within five days [*See Ruther v. Gash*, 5:09-CV-148-KKC and *Ruther v. FDIC, et al.*, 5:09-CV-149, KSF]. When Ruther submitted the pleading docketed as Record No. 9 in this action, he failed to specify a case number. Ruther will be instructed to include the case number on any and all future pleadings submitted to this Court for filing, or risk the Clerk returning it to him as "unfiled."

requirements of Federal Rule of Civil Procedure 8, which requires a plaintiff to set forth a short and plain statement of the <u>facts</u> supporting each allegation in the complaint. P*ro se* complaints may be dismissed *sua sponte* if they fail to satisfy that requirement. *Owens v. Suter*, 2003 WL 942554 (S.D.N.Y. 2003); *Boswell v. Honorable Governor of Texas*, 138 F. Supp.2d 782, 785 (N.D. Texas 2000) ("[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be."); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Ruther's claims against Auto Nation, Inc., are not discernible. Ruther's second and third "complaints" are devoid of comprehensible facts involving the United States of America, other than the fact that he listed the "United States" as the defendant in both filings.

Such deficiencies render Ruther's three "complaints" patently insubstantial and, therefore, subject to dismissal, pursuant to Fed. R. Civ. P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974); *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (court should dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or obviously frivolous" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)).

Finally, Ruther's three Complaints do not contain facts invoking the court's

subject-matter jurisdiction. *See Thomson v. Gaiskill*, 315 U.S. 442 (1942) (plaintiff must expressly allege basis for court's subject-matter jurisdiction). That failure renders Ruther's first, second and third "Complaints" subject to dismissal under *Wells* and *Neitzke*.

<u>CONCLUSION</u>

Accordingly it is **ORDERED** as follows:

(1) The Clerk of the Court shall list the "United States of America" as an additional defendant in this action.

(2) Plaintiff Larry Ruther shall specify a case number on all future pleadings submitted in **any** civil action pending in this court. Failure to include a case number on **any** pleading will result in the Clerk of the Court's returning the tendered submission to Ruther, as unfiled.

(3) Plaintiff Larry Ruther's claims against Auto Nation, Inc., and the United States of America, set forth in Record Nos. 2, 7, and 9, are **DISMISSED**.

(4)     This action [5:09-CV-139-JBC] is **DISMISSED** without prejudice.

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Auto Nation, Inc. the United States of America, the named defendants in this action.



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Signed on  May 14, 2009